CAMPBELL, Judge.
The only issues involved in this appeal concern the manner and extent of visitation privileges appellee/cross-appellant father should be allowed with his minor children. The record indicates a rather sordid mess indicating less than desirable conduct involving the custody and visitation rights with the children on the part of parents and grandparents alike. Early in this appeal, we stayed the final judgment as it affected visitation privileges of the father. In retrospect and after extensive review of the record, we have doubts as to whether our stay was necessary. Nevertheless, we entered our stay order out of an abundance of caution and concern for the welfare of the minor children.
Our further careful review of the record indicates that the trial judge has exemplified that same caution and concern throughout the proceedings below. He has painstakingly and patiently attempted to forge a plan that would not only protect the children but also afford the parents their rights. Because we find no error in the actions of the trial judge, we affirm.
The final judgment of September 30, 1986, provides for specified supervised visitation rights for the father. An amendment to the final judgment was thereafter entered on October 7, 1986. That amendment does not make reference to the supervised visitation contained in the final judgment. Nevertheless, from our reading of the transcripts of those hearings, we are convinced that the trial judge intended no change in the supervised visitation provided in the final judgment until such time as he authorized any change after further notice and hearing.
On remand, the trial judge should take the necessary steps to see that the record below clearly reflects our perception of his intentions that the father’s visitation is to be supervised under the conditions provided in the final judgment of September 30, 1986. The record should further reflect that there shall be no change in that visitation until ordered by the court after notice and full opportunity to be heard by all parties involved.
The proceedings below are otherwise affirmed.
DANAHY, C.J., and PARKER, J., concur.